IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GLENDA WRIGHT                                                        PLAINTIFF

v.                         No. 4:25-cv-517-DPM

LAFAYETTE WOODS, JR., in his
Individual and Official Capacities and
JEFFERSON COUNTY SHERIFF
DEPARTMENT                                      DEFENDANTS

## ORDER

Glenda Wright worked for many years as a food supervisor for the Jefferson County Sheriff's Department. She says she was disciplined and fired due to retaliation and discrimination. Wright sues under Title VII, 42 U.S.C. § 2000e. *Doc. 1 at 1*. She also brings age-discrimination claims, though she doesn't cite the Age Discrimination Employment Act, 29 U.S.C. § 621 *et seq*. Wright names Sheriff Lafayette Woods in his individual and official capacities, as well as the Jefferson County Sheriff Department.

*First*, the Sheriff's Department is part of Jefferson County, not a separate entity subject to suit. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). Plus, Wright's claims against the Department duplicate her claims against Sheriff Woods in his official capacity. Wright is making a claim against Jefferson County. The Sheriff Department can drop out as a named defendant.

*Second,* Wright's claims against Title VII and ADEA claims against Sheriff Woods in his individual capacity fail. Title VII doesn't provide for individual liability. *Bales v. Wal-Mart Stores, Inc.,* 143 F.3d 1103, 1111 (8th Cir. 1998). The law on the ADEA is less clear. But several of my colleagues have held that this statute doesn't provide for individual liability. *See, e.g., Morrow v. City of Jacksonville,* 941 F. Supp. 816, 819–20 (E.D. Ark. 1996); *Doc. 24 at 3* in *Drye v. University of Arkansas for Medical Sciences,* No. 4:09-cv-922-JLH (E.D. Ark. 4 January 2011); *Doc. 18 at 6* in *Zimmerman v. Arkansas Department of Finance & Administration,* No. 5:17-cv-160-JM (E.D. Ark. 2 February 2018), *affirmed,* 745 F. App'x 666 (8th Cir. 2018). I agree.

*Third,* Wright's charge with the Equal Employment Opportunity Commission alleged race and age discrimination and retaliation for then unknown reasons. *Doc. 6-1 at 1.* She can't pursue a sex discrimination claim without having exhausted her administrative remedies. *Richter v. Advance Auto Parts, Inc.,* 686 F.3d 847, 851 (8th Cir. 2012). That claim fails.

*Fourth,* Wright filed her charge on 20 May 2024. *Doc. 6-1 at 1.* With one exception, a timely charge of discrimination must be filed with the EEOC within one hundred eighty days of each alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1); *Richter,* 686 F.3d at 850–51. This is, in general, a strict deadline. *Burkhart v. American Railcar Industries, Inc.,* 603 F.3d 472, 475–76 (8th Cir. 2010). One hundred eighty

days before her charge date is 22 November 2023. Wright alleges a suspension and various discipline that occurred before that date.

While Wright doesn't use the words "continuing violation" in her complaint, Sheriff Woods candidly acknowledged that law in his briefing. *E.g., Wilkie v. Department of Health & Human Services*, 638 F.3d 944, 950–52 (8th Cir. 2011). Though she told the EEOC she didn't know why she was being retaliated against, Wright now pleads an explanation for this alleged retaliation: she got caught up as a subpoenaed witness in the heated and long-running litigation between Sheriff Woods and his predecessor, now-County Judge Gerald Robinson. The Court notices this litigation. *Woods v. Robinson*, No. 35CV-22-199 (Jefferson County). Wright worked for then-Sheriff Robinson for fifteen years. Wright's retaliation claim for all the alleged adverse actions in her work environment goes forward on a "continuing violation" theory. Because her race and age claims are intertwined with the alleged retaliation, they should go forward on that basis, too. A retaliatory continuing violation may not pan out. But Wright has pleaded enough facts to make one plausible. Discovery, and later briefing on limitations, will bring clarity.

*

The motions to dismiss, *Doc. 3 & 6*, are partly granted and partly denied. Wright's claims against the Jefferson County Sheriff Department are dismissed without prejudice. Her claims against

–3–

Sheriff Woods in his individual capacity are dismissed without prejudice. And Wright's sex discrimination claim is dismissed without prejudice, too. At this early point, the Court denies without prejudice Sheriff Wood's request to limit the relevant timeframe.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

6 November 2025